United States District Court
Southern District of Texas
**ENTERED**
April 04, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DANNY J. SIMS, § <br> TDCJ #2367613, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> BOBBY LUMPKIN, Director, § <br> Texas Department of Criminal § <br> Justice - Correctional § <br> Institutions Division, § <br> § <br> Respondent. § | CIVIL ACTION NO. H-24-0450 |

## MEMORANDUM OPINION AND ORDER

State inmate Danny J. Sims (TDCJ #2367613) filed a handwritten "Petition[] for Writ of Habeas Corpus Pursuant to 28 U.S.C. [§] 2241" ("Petition") (Docket Entry No. 1), which appears to seek release on parole for medical reasons. Noting that Sims failed to identify an adverse decision about his confinement or provide facts in support of a claim for relief, the court issued an Order to Correct Deficient Pleadings on February 8, 2024 (Docket Entry No. 4), directing Sims to submit a standard form petition within 30 days. In response, Sims has submitted a handwritten "Amended Habeas Corpus [Petition]" (Docket Entry No. 7) that is one paragraph long. After considering all of the pleadings and the applicable law, this case will be dismissed for the reasons explained briefly below.

## I. Background

Sims is presently confined by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Jester III Unit in Richmond.[1] Public records reflect that he is serving a 25-year sentence for felony DWI and that he has a lengthy record of previous offenses.[2] He is 51 years of age.[3] He became eligible for parole on March 17, 2023, but release was denied on April 25, 2023, due to his criminal record of repeated offenses and excessive use of drugs or alcohol.[4] He is currently in the parole review process, but absent a favorable determination his projected release date is September 15, 2030.[5]

Medical records attached to the Petition reflect that Sims had surgery in 2021 to remove a recurrent brain tumor.[6] In 2020 Sims had hip replacement surgery.[7] He suffers from several other

---

[1] Petition, Docket Entry No. 1, p. 3. For purposes of identification, all page numbers reference the pagination imprinted on each docket entry by the court's Electronic Case Filing ("ECF") system.

[2] See Texas Department of Criminal Justice Offender Information, available at: https://inmate.tdcj.texas.gov (last visited April 3, 2024).

[3] Id.

[4] Id.

[5] Id.

[6] UT Health East Texas-Tyler Operative Note, Exhibit to Petition, Docket Entry No. 1-1, pp. 7-9.

[7] UT Health East Texas-Tyler Operative Note, Exhibit to Petition, Docket Entry No. 1-1, pp. 13-14.

ailments — including asthma, hypertension, hyperlipidemia, hypothyroidism, Hepatitis C, and persistent depressive disorder.[8]

Invoking 28 U.S.C. § 2241, Sims seeks release to the community under the Americans With Disabilities Act and the Rehabilitation Act.[9] He also asks the court to declare Texas parole laws and the prison "Disciplinary Book" unconstitutional.[10] In his Amended Habeas Corpus Petition, Sims clarifies that he seeks "speedier release" from custody under the Suspension Clause found in Article I, § 9 of the United States Constitution ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.").[11]

## II.  **Standard of Review**

To the extent that the petitioner seeks release from prison, the writ of habeas corpus provides the only remedy for prisoners challenging the "fact or duration" of their confinement. Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973). To state a claim for habeas corpus relief a prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3); see also Hilliard v.

---

[8]Correctional Managed Health Care Mental Health Outpatient Services, Exhibit to Petition, Docket Entry No. 1-1, p. 21.

[9]Petition, Docket Entry No. 1, p. 3.

[10]Id.

[11]Amended Habeas Corpus Petition, Docket Entry No. 7.

Board of Pardons and Paroles, 759 F.2d 1190, 1192 (5th Cir. 1985) ("[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.") (internal quotation marks and citation omitted).

The court is mindful that the petitioner represents himself in this case. Courts are required to give a pro se litigant's contentions a liberal construction. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citation omitted); see also Haines v. Kerner, 92 S. Ct. 594, 595-96 (1972) (per curiam) (noting that allegations in a pro se complaint, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers). Even under this lenient standard, pro se litigants are still required to "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief[.]" E.E.O.C. v. Simbaki, Ltd., 767 F.3d 475, 484 (5th Cir. 2014) (quoting Champion v. United States, 421 F. App'x 418, 423 (5th Cir. 2011); Pickett v. Nunn, 367 F. App'x 536, 537 (5th Cir. 2010)).

### III. Discussion

The pleadings and medical records submitted by Sims are construed to seek speedier release from prison due to his medical condition. Certain inmates confined in TDCJ "may be released" on Medically Recommended Intensive Supervision ("MRIS") if they are found eligible. Tex. Gov't Code § 508.146(a). The Texas

Correctional Office on Offenders with Medical or Mental Impairments ("TCOOMMI"), which is a division of TDCJ, is the agency that oversees release on MRIS. See Hale v. Collier, Case No. 1:20-CV-841-RP-SH, 2020 WL 5249532, at *1 (W.D. Tex. Sept. 3, 2020), Report and Recommendation adopted as modified, 2020 WL 6441099, at *2 (W.D. Tex. Nov. 3, 2020). If the TCOOMMI recommends that a state inmate should be released to MRIS, the application is then reviewed by the Texas Board of Pardons and Paroles ("Parole Board"), which has the sole and final authority regarding the release of inmates to MRIS. See id. (citing Tex. Gov't Code § 508.146(e)).

A prison inmate has no constitutional right to conditional release on parole before the expiration of his sentence. See Board of Pardons v. Allen, 107 S. Ct. 2415, 2421 n.10 (1987) (explaining that "statutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 99 S. Ct. 2100, 2105 (1979) (holding that a parole statute that "provides no more than a mere hope that the benefit will be obtained" does not create a liberty interest that is protected by due process); Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997) (holding that state prisoners in Texas "have no protected liberty interest in parole"); Ex parte Johnson, 541 S.W.3d 827, 830 (Tex. Crim. App. 2017) ("A Texas inmate does not have a liberty interest in release on parole.").

The Fifth Circuit and other district courts in Texas have held that state prisoners have "no constitutionally protected interest in release" on MRIS because "the decision whether to release an inmate to MRIS is entirely within the [Parole] Board's discretion." Barker v. Owens, 277 F. App'x 482, 2008 WL 1983782, at *1 (5th Cir. 2008) (per curiam); accord Moore v. TDCJ, No. 3:17-CV-205-D (BH), 2018 WL 4938796, at *4 (N.D. Tex. Sept. 10, 2018), Report and Recommendation adopted, 2018 WL 4932517 (N.D. Tex. Oct. 11, 2018); Foreman v. Director, TDCJ-CID, Civil Action No. 6:11cv116, 2011 WL 5080180, at *8 (E.D. Tex. July 12, 2011), Report and Recommendation adopted, 2011 WL 5080174 (E.D. Tex. Oct. 24, 2011); Miller v. Fox, Civil Action No. H-09-2455, 2010 WL 518772, at *4 (S.D. Tex. Feb. 2, 2010). As a result, a Texas inmate cannot state "a claim for either civil rights or habeas relief by his allegations that he was denied [release on parole or MRIS in violation of] due process because he has no constitutionally protected expectancy of release." Hilliard, 759 F.2d at 1192. Because Sims does not establish that he was denied early release in violation of a constitutional right, this proceeding will be dismissed for failure to state a claim on which relief may be granted.

### IV. **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A

certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S. Ct. 1595, 1606 (2000). Because jurists of reason would not debate whether the Petition was properly dismissed, a certificate of appealability will not issue in this case.

## V.   Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Petition[] for Writ of Habeas Corpus Pursuant to 28 U.S.C. [§] 2241 (Docket Entry No. 1) filed by Danny J. Sims is **DISMISSED WITH PREJUDICE.**

2. A certificate of appealability is **DENIED.**

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 3rd day of April, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE